John P. ROYSTER, Sr.,
Plaintiff–Appellant,

v.

UNITED STATES of America; The Supreme Court of New York State; The New York District Attorneys Office; The Metropolitan Correctional Facility; The United States Justice Department; New York State Department of Correctional Services; Christopher Artuz; Lieutenant Lopez of MCC; C.O. Bailey of GH; C.O. Bickford of GH; C.O. Demmaris of GH; C.O. K. Torres; Sgt. Overby of GH; Daniel Gotlin, an 18b Attorney, Defendants–Appellees.

No. 00–0185.

United States Court of Appeals,
Second Circuit.

April 16, 2001.

John P. Royster, pro se.

Ross E. Morrison for Mary Jo White, United States Attorney for the Southern District of New York; Jeffrey Oestericher, on the brief, for defendants-appellees.

Present McLAUGHLIN, CALABRESI, and POOLER, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED in part and VACATED in part, and that the

case be and hereby it is REMANDED to the district court.

## I. BACKGROUND

On June 11, 1998, John Royster, Sr. ("Royster") filed a complaint in federal court asserting myriad claims of constitutional violations against prison officials who had been in charge of his confinement in federal and state prison. Following several rounds of judicial proceedings, Royster's case was narrowed to the claim that in December 1997, while Royster was held at the Metropolitan Correctional Center ("MCC"), Lieutenant Michael Lopez ("Lopez") and six other MCC employees—named Sterner, DeRoso, Shu, Freschette, Dellamarco, and Stroble—denied him access to five boxes of legal documents that were critical to a civil suit that Royster had brought against the Department of Corrections in federal court.[1] Royster claims that this denial violated his federal due process rights.

The district court (Rakoff, *J.*) dismissed with prejudice Royster's complaint against Lopez pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that Royster had not alleged any facts indicating that Lopez was personally involved in denying him access to the legal documents, a necessary element of Royster's constitutional tort claim. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir.1997). In addition, the district court dismissed without prejudice Royster's complaint against the remaining defendants on the ground that the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e(a), requires Royster to exhaust his administrative remedies prior to seeking relief in the courts in actions "brought with respect to prison conditions," and that Royster had not done so.

Royster now appeals.

## II. DISCUSSION

Since the district court's March 30, 2000 Memorandum and Order in this case, two opinions of our Court have been issued which require reconsideration of the decision of the court below. First, in *Nussle v. Willette*, 224 F.3d 95, 105–6 (2d Cir.2000), we held that claims of particularized instances of excessive force directed at an inmate are not "brought with respect to prison conditions" and therefore are not subject to the exhaustion requirement of the PLRA. And second, in *Lawrence v. Goord*, 238 F.3d 182, 186 (2d Cir.2001) (per curiam), we extended the logic of *Nussle* to hold that the PLRA's exhaustion requirement is similarly inapplicable to cases alleging individualized retaliation against prisoners. Importantly, we noted in *Lawrence* that "[t]he underlying principles requiring exhaustion—giving notice to administrators and allowing policy makers to change their behavior—are not served when a practice is aimed at one specific inmate rather than the prison population as a whole." *Id.* at 186. *See also Nussle*, 224 F.3d at 106 (noting in a related context that there is no reason to extend the exhaustion requirement to cases "that do not contemplate ongoing judicial supervision or some other form of 'prospective relief' affecting large numbers of inmates-let alone individual claims that complain of past, wholly completed conduct").

The PLRA's exhaustion requirement has thus been substantially clarified since the district court issued its Memorandum and Order. In particular, the district court's conclusion that "[i]t ... does not matter [to the applicability of the exhaustion requirement] whether the prisoner's chal-

---

1. Royster alleges that he had been commanded, by MCC personnel, to surrender these boxes of documents on December 4, 1997.

lenge is to a systemic problem or to one that is individual, or, for that matter, to whether the alleged misconduct is pursuant to a prison policy or *ultra vires*," does not, in light of *Nussle* and *Lawrence*, reflect the law of our Circuit. These opinions make clear that whether or not the exhaustion requirement applies to Royster's claim will be substantially affected by whether the denial of access to documents Royster alleges occurred idiosyncratically or pursuant to some prison policy. This question was understandably not addressed below, and is not properly decided on appeal without the benefit of a district court record and decision. Accordingly, we vacate the district court's dismissal insofar as it was based on the PLRA's exhaustion requirement and remand the case to that court for re-consideration in light of *Nussle* and *Lawrence*.[2]

Finally, because none of the preceding considerations affects the district court's dismissal with prejudice of Royster's claim against Lopez, we affirm this dismissal for substantially the reasons given by that court.

III. CONCLUSION

We have reviewed all Royster's remaining claims and find them to be without merit. Accordingly, the district court's dismissal with prejudice of the case against Lopez is AFFIRMED; the district court's dismissal without prejudice of the case against the remaining defendants is VACATED; and the case is REMANDED to the district court for further consideration consistent with this order.

---

**2.** In light of this remand, we do not now consider the question-which remains unsettled in this Circuit, *see Nussle,* 224 F.3d at 100 n. 5—of whether the PLRA requires the exhaustion of administrative remedies even when prisoners seek relief, in this case monetary damages, not available through administrative channels.